# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT A. SCHUG,**
        **Petitioner,**

    v.                                          Case No. 06-C-814

**ANNE RENARD,**
        **Respondent.**

## DECISION AND ORDER

Pro se petitioner Robert A. Schug seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the State of Wisconsin revoked his probation without affording him due process.[1] The relevant facts are straightforward. In July 2001, a Wisconsin court sentenced petitioner to four years in prison and five years of extended supervision for a burglary conviction. The court stayed the sentence and placed petitioner on probation for four years. In November 2003, petitioner consumed alcohol in a bar, got into a fight in the bar and committed a battery. In March 2004, a Wisconsin administrative law judge ("ALJ") revoked petitioner's probation as a result of his conduct in the bar.

I will grant respondent's motion to dismiss, both because petitioner procedurally defaulted his claim by not properly presenting it to the state courts and because it fails on the merits. As to the first ground, under state law, petitioner could have obtained judicial review of the decision to revoke his probation by petitioning for certiorari in circuit court. However, petitioner failed to timely file such a petition. Subsequently, he attempted to challenge the revocation by bringing a habeas petition in state court. The circuit court denied the petition on the procedural ground that petitioner should have sought relief via certiorari, and that the time

---

[1] Petitioner also claims that the state improperly dealt with his complaint about prison conditions. I will not address this claim because it is not cognizable in a federal habeas proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Even if it were, however, plaintiff did not raise it in state court and therefore failed to exhaust it. Id. at 491-92.

for seeking a writ of certiorari had long expired. The state court of appeals affirmed on the same ground. Petitioner initiated a petition for review by the state supreme court but failed to pay the filing fee, and the court dismissed his petition.

In order to obtain federal habeas review, petitioner must fully and fairly present the merits of his claim to the state courts. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). Here, petitioner did not do so. He failed to utilize the proper state procedures, and the state courts dismissed his claim on that ground, never reaching the merits. The basis for the state court's action was an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 729-32 (1991) (stating that a petitioner who fails to meet a state's procedural requirements for presenting federal claims has deprived the state courts of an opportunity to address those claims, and the procedural default presents an independent and adequate state ground for dismissing his claims). Therefore, petitioner procedurally defaulted his federal claim.

Even assuming proper exhaustion in the state courts, petitioner's federal claim fails on the merits. His argument is that the state ALJ violated his right to due process by failing to consider an alternative to revocation. However, the ALJ was not required to do so. See Black v. Romano, 471 U.S. 606, 613-14 (1985); Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973) (citing Morrissey v. Brewer, 408 U.S. 471, 486-89 (1972)). For this reason also, petitioner's claim fails.

Therefore,

**IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 20 day of November, 2007.

/s
LYNN ADELMAN
District Judge