UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT A. SCHUG,**
        **Petitioner,**

    v.                                                     **Case No. 06C0814**

**ANNE RENARD,**
        **Respondent.**

---

## **DECISION AND ORDER**

This matter comes before me on petitioner's motion to reopen the time for filing an appeal from the order and judgment dismissing his petition for a writ of habeas corpus. Federal Rule of Appellate Procedure 4(a)(6) provides that

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Petitioner, in his motion, swears that he did not receive notice of the order and judgment, dated November 20, 2007, dismissing his petition because by that time, for several reasons, he had lost his previous residence and had not acquired a new residence to allow him to receive mail. Only just prior to March 2008 was petitioner able to acquire

a residence, at which point he made a written request to the Clerk of Court for all documents filed in his habeas case since August 2007. This request was docketed on March 4, 2008, and the clerk sent petitioner a copy of the docket, as well as copies of the order and judgment in question, which petitioner received on March 6, 2008. Petitioner states that this was the first notice he received of the existence of the November 20, 2007 order and judgment. Subsequently, on March 13, 2008, petitioner filed his motion to reopen the time for appeal. Petitioner's motion is unopposed.

After review of the motion, I find that petitioner did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment dismissing his habeas petition. Additionally, the motion is timely, as it was filed within 180 days from the date of the order and judgment in question and within seven days of the date petitioner received notice of the order and judgment. Finally, I find that granting petitioner's motion would cause no prejudice to the respondent, who has not opposed the motion.

For the foregoing reasons,

**IT IS ORDERED THAT** petitioner's motion to reopen the time for appeal is **GRANTED**, and the appeal period is extended for fourteen (14) days from the date of this order.

Dated at Milwaukee, Wisconsin this 23 day of April, 2008.

/s
LYNN ADELMAN
District Judge

2

Case 2:06-cv-00814-LA    Filed 04/23/08    Page 2 of 2    Document 38